J-A03042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON BRADLEY | : | |
| | : | |
| Appellant | : | No. 364 EDA 2019 |

Appeal from the PCRA Order Entered January 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010497-2012

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED MARCH 21, 2022**

Aaron Bradley (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA), seeking relief from his jury conviction of first-degree murder[2] and related offenses. This appeal is on remand from the Pennsylvania Supreme Court, which granted Appellant's petition for allowance of appeal and reversed our prior order affirming the PCRA court's denial of relief. *See Commonwealth v. Bradley*, 364 EDA 2019 (unpub. memo.) (Pa. Super. Jun. 22, 2020) (*Bradley I*), *r'vd Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) (*Bradley II*). We

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a)(1).

now vacate the order denying PCRA relief, and remand to the PCRA court for further proceedings.

We begin with a brief recitation of the relevant facts and procedural history, which are detailed in the Supreme Court's **Bradley II** decision. **See Bradley II**, 261 A.3d at 383-85. In summary, Appellant was convicted of first-degree murder for the March 27, 2010, shooting death of Bruce Fox (Victim). Victim was a friend of Appellant's girlfriend, Tanaya Nelson, and Appellant was suspicious of their relationship. On the day before the shooting, Appellant took Nelson's cell phone and did not return it to her until the following day — after Victim's death — at which time her call and text logs had been deleted. Through a forensic examination, the Philadelphia police retrieved a number of text messages sent between Nelson's phone and Victim's phone shortly before Victim was shot in his vehicle. The messages recovered from Nelson's phone asked Victim to pick her up at the location where the shooting occurred, and indicated that he did so at the time of the shooting. **See id.** at 383-84.

Following Appellant's conviction and sentencing, this Court affirmed his judgment of sentence on direct appeal, and the Supreme Court denied his petition for allowance of appeal. **See Commonwealth v. Bradley**, 2064 EDA 2014 (unpub. memo.) (Pa. Super. Aug. 12, 2015), **appeal denied**, 506 EAL 2015 (Pa. Dec. 30, 2015). Thereafter, Appellant filed a timely, *pro se* PCRA petition. As detailed in our prior memorandum, Appellant retained private counsel — D. Wesley Cornish, Esquire — who subsequently filed an amended

petition and three supplemental petitions, raising allegations that were either meritless, underdeveloped, or previously litigated on direct appeal. ***See Bradley I***, unpub. memo. at 4-5. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, and provided Appellant with the requisite 20 days to respond. After that deadline passed, Attorney Cornish requested an extension of time to file a response. The trial court did not address the request, but rather entered an order dismissing Appellant's petition on January 16, 2019. This timely appeal followed. ***See id.*** at 5.

While the appeal was pending in this Court, new counsel — Michael Wiseman, Esquire — entered his appearance. Thereafter, on September 10, 2019, Attorney Wiseman filed a "Motion to Remand," requesting this Court remand the case to the PCRA court so that he could raise several claims of prior PCRA counsel's (Attorney Cornish's) ineffectiveness. ***See*** Appellant's Motion to Remand, 9/10/19, at 1-18. This Court denied the motion without prejudice to Appellant to raise the issue before the merits panel, which he did.

When this appeal first appeared before this Court, we noted that Attorney Wiseman did not challenge the PCRA court's ruling on any of the claims raised by Attorney Cornish in the amended or supplemental petitions, but instead argued Attorney Cornish was ineffective for failing to raise several claims of both trial and direct appeal counsel's ineffective assistance.[3] ***See***

_____

[3] We note the Commonwealth supported Appellant's request for a remand. ***See Bradley I***, unpub. memo. at 6.

*Bradley I*, unpub. memo. at 6. However, we concluded we were constrained by prior case law "to conclude Appellant waived any challenge to prior PCRA counsel's ineffectiveness when he failed to raise the claim in response to the PCRA court's Rule 907 notice." *Id.* at 13-14. *See id.* at 10-13 (discussing case law requiring Appellant to raise PCRA counsel's ineffectiveness in Rule 907 response to preserve claim for appeal).

As noted above, the Pennsylvania Supreme Court granted allowance of appeal "to consider whether the current process for the enforcement of the right to effective counsel in a first PCRA proceeding is adequate, and if not, whether another process is appropriate." *Bradley II*, 261 A.3d at 386. The Court acknowledged:

> A meaningful and efficient procedure to protect and enforce a PCRA petitioner's right to effective assistance of counsel on collateral review has been elusive. Our Court, in various decisions, has struggled with balancing the right to effective PCRA counsel with the mandates of the PCRA, while providing a workable system with finality. . . .

*Id.* at 389. After reviewing the history of post-conviction collateral proceedings in Pennsylvania, and the process by which a PCRA petitioner may "vindicate his right to effective PCRA counsel[,]" the Supreme Court concluded that the current Rule 907 approach is "largely impractical and ineffective." *Id.* at 389, 399. In fact, the Court noted that "the Rule 907 procedure [which was] summarily pronounced in [*Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009),] was unnecessary to [the] resolution of that appeal and thus constitute[d] *obiter dicta*." *Bradley II*, 261 A.3d at 399.

- 4 -

After considering several proposals by the parties and *amici*[4] as to "the best way to balance the competing concerns[,]" the Supreme Court held that a PCRA petitioner should be permitted "to raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal." ***Bradley II***, 261 A.3d at 401. The Court determined this was the best approach to balancing the petitioner's "rule-based right to effective assistance of counsel" with "the important interests in the efficient resolution and finality of criminal matters." ***Id.*** The ***Bradley II*** Court opined:

> [W]e find that a review paradigm allowing a petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity when represented by new counsel, even if on appeal, while not an ideal solution, accommodates these vital interests. Fully cognizant of the difficulties . . . associated with requiring PCRA counsel himself, or a *pro se* petitioner, to raise claims of PCRA counsel's ineffectiveness, we hold that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.
>
>       \*     \*     \*
>
> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. **However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter.** Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness[;] however, where there are

---

[4] The following organizations filed *amicus curiae* briefs before the Supreme Court: Pennsylvania Association of Criminal Defense Lawyers, Defender Association of Philadelphia, Pennsylvania Innocence Project, Office of Attorney General, and Pennsylvania District Attorney's Association. ***See Bradley II***, 261 A.3d at 388-89.

material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

*Id.* at 401-02 (footnotes, citations, and quotation marks omitted; emphasis added). Consequently, the Supreme Court reversed our order affirming the PCRA court and remanded the matter back to this Court "for proceedings consistent with [its] decision[.]" *Id.* at 405.

We now turn to Appellant's substantive claims, each of which allege the ineffective assistance of prior PCRA counsel, Attorney Cornish. Preliminarily, we note:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Miller*, 212 A.3d 1114, 1126 (Pa. Super. 2019) (citation omitted). Furthermore, where, as here, the issues involve layered claims of ineffectiveness,

the critical inquiry is whether the first attorney that [Appellant] asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010).

Here, Appellant argues Attorney Cornish was ineffective for the following reasons. First, Attorney Cornish failed to properly plead Appellant's claim that

trial counsel was ineffective for not presenting alibi witnesses. Appellant explains that Attorney Cornish adopted this claim "verbatim" from Appellant's *pro se* petition and failed to provide any "factual specificity" or "witness affidavit, declaration or certification" to support the allegation. Appellant's Brief at 17. In a footnote, Attorney Wiseman advises that he "has in his possession signed declarations from the alibi witnesses" which he is prepared to provide to the PCRA court. *See id.* at 19 n.7.

Second, Appellant maintains Attorney Cornish failed to properly plead a claim that trial counsel was ineffective for failing to call a "rebuttal expert with respect to historic cell-phone analysis." Appellant's Brief at 19. The PCRA court denied this claim because the proposed expert report "did not state whether [the expert] was available, willing or able to testify in [Appellant's] 2014 trial[, nor did Appellant] assert that the absence of testimony from this proposed witness was so prejudicial as to deny [Appellant] a fair trial." *Id.* at 20, *citing* PCRA Ct. Op., 4/25/19, at 14. *See Commonwealth v. Orner*, 251 A.3d 819, 825 (Pa. Super. 2021) (*en banc*) (to prevail on claim that trial counsel was ineffective for failing to call a witness, a petitioner must demonstrate: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial") (citation omitted), *appeal denied*, 308 MAL 2021 (Pa. Oct. 26, 2021). Appellant explains that Attorney Cornish averred in his

pleading that the proposed witness was available, and thus could have requested a revised report. *See* Appellant's Brief at 20-21. Moreover, he insists his expert identified "significant flaws" in the Commonwealth's expert's testimony, including the fact that "Appellant's cell phone could have been as far as 21 miles from the crime scene at the relevant time." *Id.* at 21.

Appellant's third and fourth claims involve allegations of direct appeal counsel's ineffectiveness which Attorney Cornish failed to raise in any of the PCRA petitions. Appellant maintains direct appeal counsel was ineffective for failing to challenge the trial court's pretrial ruling denying Appellant access to Nelson's mental health records. *See* Appellant's Brief at 21-22. He also asserts direct appeal counsel's ineffectiveness for failing to challenge the trial court's ruling which permitted the Commonwealth to impeach two of Appellant's character witnesses with reference to Appellant's juvenile adjudication of simple assault, which Appellant incurred in 1997 — 13 years before the shooting — when he was only 14 years old. *Id.* at 23-24.

We emphasize that, of these claims, the **only** issue the PCRA court addressed in its opinion was trial counsel's failure to call an expert on rebuttal. *See* PCRA Ct. Op. at 14. As noted *supra*, the court denied the claim because the proposed expert did not state in his affidavit "whether he was available, willing, or able to testify in [Appellant's] trial" and Appellant "failed to assert that the absence of testimony from this proposed witness was so prejudicial as to deny [Appellant] a fair trial." *Id.* These errors could have been corrected by prior PCRA counsel.

Therefore, in light of **Bradley II**, we vacate the order denying PCRA relief and remand this matter to the PCRA court for further proceedings. Upon our review, we conclude the claims raised by Appellant herein are more than "mere boilerplate assertions of [prior] PCRA counsel's ineffectiveness[,]" and raise "material facts" which are best determined, in the first instance, by the PCRA court. **See Bradley II**, 261 A.3d at 402 (citation and quotation marks omitted). Moreover, we also conclude "relief is not plainly unavailable as a matter of law[.]" **Id.** (citation and quotation marks omitted). We emphasize, however, that the ineffectiveness claims at issue upon remand are limited to those presented in this appeal before this Court.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/21/2022</u>